UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN R. ANDOE, #98609,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN CHRISTENSON,<br><br>    Respondent. | Case No.  1:20-cv-00579-BLW<br><br>**INITIAL REVIEW ORDER** |

  Pending before the Court in this habeas corpus action is Petitioner John R. Andoe's Petition for Writ of Habeas Corpus, challenging his October 26, 2010, Idaho state court judgment of conviction for crimes of kidnapping (not for ransom) and domestic battery. Dkt. 3.  Having reviewed the record in this matter, as well as the record in Petitioner's previous federal habeas corpus case, the Court enters the following Order dismissing this case without prejudice for lack of jurisdiction.

  Petitioner previously brought a habeas corpus action in this Court challenging the same judgment, Case No. 1:13-cv-00526-CWD, *Andoe v. Yordy*. With consent of the parties, United States Magistrate Judge Candy W. Dale entered an order of dismissal with prejudice and a judgment in that case on September 29, 2017. *See* Dkts. 46, 208, 209 in that case.

**INITIAL REVIEW ORDER - 1**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from other court proceedings, including state courts. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Before an Idaho state prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). In *Tyler v. Cain*, 533 U.S. 656 (2001), the United States Supreme Court explained the criteria used to determine whether a "second or successive petition" can proceed:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

533 U.S. at 661-62.

Case law has further clarified that a habeas petition is considered a "second or successive petition" only if the first petition was dismissed with prejudice, whether on procedural grounds or on the merits of the claims. *Slack v. McDaniel*, 529 U.S. 473, 485-

**INITIAL REVIEW ORDER - 2**

86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005).

A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks and citation omitted). Accordingly, if this Court determines that the second petition meets the criteria for a "second or successive petition" under the statute, this Court has no jurisdiction to consider any aspect of the petition unless the petitioner has first obtained authorization from the Court of Appeals, which must be done prior to the filing of the petition. *See id.*, 274 F.3d at 1274 (holding that district courts lack jurisdiction to consider unauthorized successive petitions).

Here, Petitioner is challenging the same convictions and sentences as in his previous matter, adjudicated to completion by Judge Dale. That case was dismissed with prejudice. Therefore, the Court concludes that the instant Petition is a second or successive federal habeas corpus petition.

Accordingly, the Court concludes that it is without jurisdiction to hear the merits of the claims. As a result, the entire case will be dismissed. Petitioner may request authorization from the Ninth Circuit Court of Appeals if he desires to proceed with a second petition.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus, with supplement (Dkts. 3, 8), is DISMISSED for lack of jurisdiction.

2. The Clerk of Court shall provide Petitioner with a copy of the successive petitions form to be filed with the United States Court of Appeals for the Ninth Circuit.

3. The application to proceed in forma pauperis (Dkt. 1) is GRANTED.

DATED: March 2, 2021

_____
B. Lynn Winmill
U.S. District Court Judge